1  YASHA BRONSHTEYN, ESQ. (SBN 210248)
   GINZBURG & BRONSHTEYN, LLP
2  11111 Santa Monica Blvd., #1840
   Los Angeles, CA 90025-3352
3  Telephone number:     (310) 914-3222
   Facsimile number:     (310) 914-4242

4  WARSHAW BURSTEIN, LLP
   555 Fifth Avenue
5  New York, NY 10017
   Telephone number:     (212) 984-7700
6  Facsimile number:     (212) 972-9150

7

8              UNITED STATES DISTRICT COURT

9       FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  John Doe,                          CASE NO.:  2:15 CV 02478 (SVW) (JEM)

12              Plaintiff,             PLAINTIFF'S RESPONSE TO
                                       DEFENDANT'S SUPPLEMENTAL
13       v.                            BRIEF RE: AUTHORITY FOR WRIT
                                       OF MANDATE PRECEDING CLAIM
14  Regents of the University of California;   UNDER §1983
    Defendant,
15                                     TRIAL DATE: None set

16                                     **Judge Stephen V. Wilson**
            Defendant.
17                                     Court Room 6

18

19  Plaintiff, John Doe, by and through his counsel of record, hereby responds as follows:

20       On December 7, 2015, the Court requested that defendant, The Regents of the University of

21  California ("Regents") provide supplemental authority for its position that Plaintiff must exhaust

22  administrative remedies by way of Writ of Mandate prior to initiating an action for damages under

23  42 U.S.C. § 1983.

24       The Regents filed its supplemental authority and cited to the following authority, *Miller v.*

25  *County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994) and *Eilrich v. Remas*, 839 F.2d 630 (1988) for

26  the proposition that an unreviewed state agency determination has a preclusive effect on a

27

28  plaintiff's action under 42 U.S.C. § 1983.

1
2
3
4
5
6
7
8
9
10

However, the Regents' reliance on *Miller* and *Eilrich* is misplaced. *Miller* and *Eilrich* involved a review of terminated employment by a full hearing board and rights to counsel. *Miller*, 39 F.3d 1030 (plaintiff was an employee of the Santa Cruz County Sheriff's Department and his termination was upheld by the County Civil Service Commission); *Eilrich*, 839 F.2d 630 (plaintiff's position as municipal police officer of the City of Riverbank was terminated and his discharge was upheld by a retired California Superior Court judge hearing officer pursuant to Cal. Gov't Code 3304). *Miller* and *Eilrich* did not involve plaintiffs suing an educational institution, or plaintiffs seeking redress for gender discrimination. In making this distinction clear, the Ninth Circuit stated:

11
12
13
14
15
16

> Eilrich relies on a Ninth Circuit case applying federal common law principles of collateral estoppel to argue that unreviewed administrative findings do not merit preclusive effect. *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279 (9th Cir.1986). Such reliance is misplaced because the court in *Mack* declined to give an unreviewed administrative hearing preclusive effect primarily because the plaintiff **had had no opportunity to litigate his age discrimination claim**, applying the *Utah Construction* standard. *Id.* at 1283. The nature of the unemployment compensation hearing had denied him the opportunity to litigate his claim and it was **unclear if any evidence at all on the issue of age discrimination had been presented**. *Id.* at 1283–84.

17

Eilrich, 839 F.2d at 633 (emphasis added).

18
19
20
21
22
23
24
25
26
27

Here, Congress has codified a statute that clearly, unambiguously, and unequivocally conditions receipt of federal funds under Title IX on the State's waiver of Eleventh Amendment Immunity. *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 876 (5th Cir. 2000); *Steshenko v. Gayrard*, 70 F. Supp. 3d 979, 990 (N.D. Cal. 2014) (the Board of Trustees voluntarily waived its sovereign immunity to Plaintiff's claims under the Age Discrimination Act by accepting federal educational funds). The Regents have not, and cannot, cited to any authority requiring that a plaintiff bringing an action under Title IX must exhaust any administrative remedies by Writ of Mandate first. No such requirement exists.

28

1  Furthermore, in *Miller* and *Eilrich*, the sole remedy to review each respective plaintiff's

2  employment termination was a review by Writ of Mandate. However, as Plaintiff stated in his

3  Opposition to the Regents' Motion to Dismiss, the Writ of Mandate is not his sole remedy in this

4  case.

5

6  Dated: December 9, 2015                    GINZBURG & BRONSHTEYN, LLP

7

8

9                                            By: _____/S/_____

10                                               Yasha Bronshteyn, Esq.
                                                 Attorney for Plaintiff, JOHN DOE

11

12  Dated: December 9, 2015                    WARSHAW BURSTEIN, LLP

13

14

15                                           By: _____/S/_____

16                                               Kimberly C. Lau, Esq.
                                                 Attorney for Plaintiff, JOHN DOE

17

18

19

20

21

22

23

24

25

26

27

28

Response to Defendant's Supplemental Brief                    Case No. 2:15 cv 02478 (SVW)(JEM)