UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02478-SVW-JEM | Date | December 14, 2015 |
|---|---|---|---|
| Title | *John Doe v. Regents of The University of California* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [12].

Plaintiff John Doe filed this Title IX suit against Defendant Regents of the University of California on April 3, 2015. Although Defendant's motion to dismiss was filed on June 10, 2015, the Court granted several stipulations to continue the hearing so that the parties could engage in settlement discussions. Presently before the Court is Defendant's motion to dismiss. (Dkt. 12).

**I.   Background**

On June 16, 2014, Plaintiff John Doe, Jane Doe, and a group of their friends traveled to Lake Tahoe to celebrate the end of the school year. (Compl. ¶ 32). Plaintiff alleges that after drinking together, the friends engaged in consensual group sex, that at no point did Jane Doe exhibit any signs of incapacitation, and that the following morning everyone joked about the night before. (*Id.* ¶¶ 44-45, 49, 73). At the time of the incident, Plaintiff was on a leave of absence from the University and Jane Doe had just finalized her transfer to Cornell University. (*Id.* ¶¶ 56-57).

Around November 2014, Plaintiff was charged with sexual assault based on the incident by Defendant. (*Id.* ¶ 50). After a first hearing on December 11, 2014, a continuation of the hearing on December 16, 2014, a second hearing on December 19, 2014, and an appeal on January 29, 2015, Plaintiff was found responsible for sexual assault and was sanctioned to a two-quarter suspension. (*Id.* ¶¶ 5, 52, 66). Plaintiff alleges several procedural errors suggesting an unfair and biased investigation by Defendant including (1) accepting witnesses in support of Jane Doe and rejecting evidence in support of Plaintiff, and

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-02478-SVW-JEM | Date | December 14, 2015 |
| Title | *John Doe v. Regents of The University of California* | | |

(2) providing Plaintiff short notice of hearings so that his counsel could not be present and Plaintiff could not fully defend himself. (*Id.* ¶¶ 52, 59, 70-71, 73, 76, 83-85).

Plaintiff contends Defendant's policies and procedures were gender biased; Defendant denied Plaintiff due process; Defendant breached its educational contract with Plaintiff; and Defendant was negligent in the imposition of discipline. Specifically, Plaintiff brings nine causes of action: (1) violation of Title IX; (2) violation of due process under 42 U.S.C. § 1983; (3) declaratory judgment; (4) breach of contract; (5) violation of the covenant of good faith and fair dealing; (6) promissory estoppel; (7) negligence; (8) negligent infliction of emotional distress; and (9) violation of California Civil Code §51 ("Unruh Civil Rights Act").

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007).

Where a complaint is dismissed, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## III. Discussion

### A. Judicial Exhaustion – Writ of Mandate

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02478-SVW-JEM | Date | December 14, 2015 |
|---|---|---|---|
| Title | *John Doe v. Regents of The University of California* | | |

    Defendant argues that Plaintiff's suit is completely barred because he failed to first seek judicial exhaustion through a writ of mandate. Cal. Code Civ. P. § 1094.5. California courts have repeatedly held that an administrative writ of mandate under section 1094.5 is the appropriate remedy for the purpose of inquiring into the validity of any final administrative agency decision made as a result of a proceeding which by law requires a hearing, evidence to be considered, and a discretionary determination of fact vested in an inferior tribunal. *See, e.g., Sierra Club v. City of Hayward*, 28 Cal.3d 840, 849 (1981); *Westlake Community Hospital v. Superior Court*, 17 Cal.3d 465, 484 (1976) ("[S]o long as such a quasi-judicial decision is not set aside through appropriate review procedures the decision has the effect of establishing the propriety of the hospital's action. . . . [P]laintiff must first succeed in overturning the quasi-judicial action before pursuing her tort claim against defendants"); *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 69-7 (2000) ("[U]nless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action . . . those findings are binding in later civil actions."); *Goldberg v. Regents of the Univ. of California*, 248 Cal. App. 2d 867, 873 (1967) (finding that a section 1094.5 writ of mandate is the appropriate remedy for a student discipline decision). The inquiry in such a case extends to "whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion." Cal. Code Civ. P. § 1094.5(b).

    Although Plaintiff does not dispute that Defendant's student disciplinary proceeding is quasi-judicial in nature, Plaintiff argues that California courts have not affirmatively held that a writ of mandate is the exclusive remedy for overturning or challenging the decision of a quasi-judicial proceeding. Plaintiff also argues that Defendant's cited cases did not involve Title IX claims. The Court finds Plaintiff's arguments unavailing. First, California courts have held that a writ of mandate is the appropriate remedy in this context and Plaintiff has not identified any cases where a court has noted otherwise. Moreover, some California courts have used language suggesting a writ of mandate must be sought first for purposes of judicial exhaustion. *See, e.g., Gupta v. Stanford University*, 124 Cal. App. 4th 407, 412 (2004) ("Regardless of Gupta's characterization of the causes of action in tort or contract, he cannot avoid the fact that the gravamen of his claims is confined to the disciplinary process and the proceedings against him. As such, Gupta was required to pursue his claims through writ of mandate, and his failure to do so supports the court's order sustaining the demurrer."). Second, Plaintiff does not explain why a student disciplinary proceeding concerning sexual assault should be treated differently under a writ of mandate analysis as compared to any other quasi-judicial proceeding.

                                                                                                                                          :

Initials of Preparer                  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02478-SVW-JEM | Date | December 14, 2015 |
|---|---|---|---|
| Title | *John Doe v. Regents of The University of California* | | |

Accordingly, the Court finds that Plaintiff must first petition for a writ of mandate as to his state claims. Therefore, the Court dismisses counts two (breach of contract), three (violation of the covenant of good faith and fair dealing), four (promissory estoppel), five (negligence), six (negligent infliction of emotional distress), and seven (California Civil Code § 51). The Court also dismisses count nine (declaratory judgment) as it relates to Plaintiff's duty to first petition for a writ of mandate to challenge the disciplinary proceeding. The Court DISMISSES these claims WITHOUT PREJUDICE.

### B. Title IX

Title IX prohibits any school that receives federal funds from discriminating on the basis of sex. 20 U.S.C. § 1681. When a student challenges the outcome of a school disciplinary proceeding under Title IX, courts have followed the framework developed in *Yusuf v. Vassar College*, 35 F.3d 709 (2d Cir. 1994). In *Yusuf*, the court explained that Title IX recognizes two categories of potential claims for gender bias arising from a student disciplinary proceeding: erroneous outcome and selective enforcement. *Id.* at 715. Under the erroneous outcome theory, Plaintiff must plead facts sufficient to demonstrate he was innocent and the erroneous outcome was the result of a gender bias. In the selective enforcement theory, Plaintiff must allege that, regardless of his guilt or innocence, the severity of the penalty was affected by his gender.

Defendant argues that Plaintiff's Title IX action fails because he has not pled facts to support a claim for gender bias. In particular, Defendant's policies are gender-neutral and Plaintiff has not adequately alleged that he was treated differently than similarly situated members of the opposite gender, or that the disciplinary policies were biased against Plaintiff based on his gender. Moreover, Title IX does not provide a private right of action to challenge disciplinary policies based on disparate impact. *See Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). Therefore, the extent to which Defendant's policies may be invoked more often against males accused of sexual assault than against females is of limited assistance to Plaintiff. Plaintiff must adequately allege that he was intentionally discriminated against because of his gender.

### 1. Erroneous Outcome

To succeed on a claim under an erroneous outcome theory, Plaintiff must plead facts sufficient to cast doubt on the accuracy of the disciplinary proceeding because of gender bias toward Plaintiff. For example, such facts include gender biased statements by members of the disciplinary tribunal, gender

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02478-SVW-JEM | Date | December 14, 2015 |
|---|---|---|---|
| Title | *John Doe v. Regents of The University of California* | | |

biased statements by pertinent university officials, or patterns of decision-making that show the influence of gender bias. *Yusuf*, 35 F.3d at 715.

Plaintiff contends that he has adequately pled intentional discrimination based on sex with his allegations that: (1) there is a presumption of guilt against male students; (2) the university had knowledge that there is a higher incidence of female complainants against male students; and (3) the university's burden of proof can be satisfied by the testimony of the complainant and individuals who were not even present during the incident. Moreover, Plaintiff alleges that the Title IX officer, Ms. Perkin, was immediately biased against Plaintiff when she asked him, "Are you ready to take responsibility?" and charged him with sexual assault prior to speaking to any witnesses.

Although Plaintiff alleges in detail how the proceeding was procedurally flawed, how he was presumed guilty at the start, and how he was not afforded a fair opportunity to defend himself, he has not adequately alleged that these errors or biases were due to his gender. *See Yusuf*, 35 F.3d at 715 ("Allegations of a procedurally or otherwise flawed proceeding that has led to an adverse and erroneous outcome combined with a conclusory allegation of gender discrimination is not sufficient to survive a motion to dismiss."). Rather, aside from the one comment by Ms. Perkin, which the Court also gives limited weight given that she was not a member of the disciplinary tribunal herself, Plaintiff alleges in conclusory fashion that Defendant was "motivated by sex" and "biased against males." (Compl. ¶ 82, 92, 104). Therefore, Plaintiff has not pled sufficient facts to support a Title IX claim under an erroneous outcome theory.

   2. **Selective Enforcement**

To succeed on a claim under a selective enforcement theory, Plaintiff must show that regardless of his guilt or innocence, the severity of punishment was affected by Plaintiff's gender. *Yusuf*, 35 F.3d at 715. Here, Plaintiff only alleges in conclusory fashion that his punishment—a two-quarter suspension—was disproportionate to the severity of the charges. Plaintiff has not alleged that such a punishment is disproportionate for a charge of sexual assault. Moreover, even if a two-quarter suspension was disproportionate, Plaintiff has not alleged that any similarly situated student of the opposite gender was treated more leniently. Therefore, he has not adequately pled a Title IX claim under a selective enforcement theory.

Accordingly, the Court DISMISSES Plaintiff's Title IX claim WITHOUT PREJUDICE.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | |
|  | PMC | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02478-SVW-JEM | Date | December 14, 2015 |
|---|---|---|---|
| Title | *John Doe v. Regents of The University of California* | | |

### C. 42 U.S.C. § 1983

Plaintiff also argues that he has a constitutionally-protected interest in his good name, reputation, honor and integrity, and a property interest in his education, of which Defendant deprived him without due process. (Compl. ¶¶ 186-87).

At the hearing on Monday, December 7, 2015, the Court inquired as to whether Plaintiff could bring a § 1983 suit against Defendant given that the Regents are not a "person" under the statute. *See Armstrong v. Meyers*, 964 F.2d 948, 949 (9th Cir. 1992) ("The Regents, a corporation created by the California constitution, is an arm of the state for Eleventh Amendment purposes, and therefore is not a 'person' within the meaning of section 1983."); *Associated Students of University of California at Santa Barbara v. Regents of University of California*, 2007 WL 196747, at *3 (N.D. Cal. Jan. 23, 2007) (finding that the Regents are immune from suit under 42 U.S.C. § 1983 because they are not "persons" within the meaning of the statute).

Although the Court invited short supplemental briefing on the issue, the briefing did not provide any illumination. Defendant argues that an adverse administrative decision bars federal suit under § 1983 under doctrines of res judicata and collateral estoppel where the plaintiff fails to first seek review of the adverse decision under § 1094.5. (Def. Supp. at 1 (citing *Miller v. County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994); *Eilrich v. Remas*, 839 F.2d 630 (9th Cir. 1988)). However, these cases are distinguishable. First, under these cases, the Ninth Circuit clearly held that preclusive effect may be appropriate only if the underlying administrative proceeding satisfies the fairness requirements set out in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1996): (1) the administrative agency acted in a judicial capacity; (2) the agency resolved disputed issues of fact properly before it; and (3) the parties had an adequate opportunity to litigate. *Miller*, 39 F.3d at 1032-33. "The threshold inquiry . . . is whether a state administrative proceeding was conducted with sufficient safeguards 'to be equated with a state court judgment'" and requires a careful review of the administrative record. *Id.* at 1033. In the present case, Defendant has not shown that the student disciplinary hearing satisfies the fairness requirements set out in *Utah Construction* and that preclusive effect is warranted. Moreover, other courts within our circuit have noted that "[b]ecause the writ procedure is effectively limited to the administrative record, it is an insufficient remedy when Plaintiff alleges that he was denied any opportunity to present his case at the administrative level." *Embury v. King*, 191 F. Supp. 1071, 1084 (N.D. Cal. 2001); *see also North Pacifica, LLC v. City of Pacifica*, 366 F. Supp. 2d 927, 932-33 (N.D. Cal. 2005).

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02478-SVW-JEM | Date | December 14, 2015 |
|---|---|---|---|
| Title | John Doe v. Regents of The University of California | | |

Second, *Miller* is factually distinguishable. In *Miller*, the plaintiff was a county employee who was fired for disciplinary reasons. After his appeal to the county civil service commission was denied, he could have, but did not, file a petition for writ of mandate under § 1094.5. Instead, he field a § 1983 suit for alleged procedural and substantive due process violations in connection with his termination. The Ninth Circuit specifically stated that because Miller chose to pursue his claims administratively and could have raised his constitutional claims in the earlier administrative proceedings, he could not continue to litigate claims related to his termination by recasting them in constitutional terms. *Id.* at 1034-35. Thus, the Ninth Circuit distinguished the case from *Patsy v. Board of Regents of Florida*, 457 U.S. 496 (1982), where the Supreme Court held that plaintiffs are not required to exhaust their administrative remedies prior to filing suit under § 1983. The Ninth Circuit stated, "[n]o exhaustion requirement has been imposed on Miller. It is Miller's election to pursue his claim initially in an administrative forum, and to forego his right to seek judicial review in state court, which requires us to determine whether that decision is binding on all that was, or could have been, determined there." *Miller*, 39 F.3d at 1034 n.3. In the present case, there is no indication that Plaintiff voluntarily chose to seek relief through an administrative process rather than bringing suit in federal court. Thus, the holding of *Miller* does not apply.

The Court reiterates, however, that it does not appear the Regents can be sued under § 1983 absent a waiver of its sovereign immunity. While Plaintiff correctly points out that a state waives its Eleventh Amendment immunity when it receives federal funds under Title IX, Plaintiff does not offer any support for the proposition that the waiver extends beyond a Title IX claim to a related § 1983 claim. In fact, in Plaintiff's own cited case, *Steshenko v. Gayrard*, 70 F. Supp. 3d 979 (N.D. Cal. 2014), the court dismissed the § 1983 claim against the defendant Board of Trustees because the plaintiff did not allege that the defendant either waived its sovereign immunity or otherwise consented to the suit. *Id.* at 992.

Therefore, the Court DISMISSES Plaintiff's section 1983 claim WITHOUT PREJUDICE.

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss in its entirety. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff may petition for a writ of mandate as to his state claims. Plaintiff may file an amended complaint as to his Title IX and section 1983 claims within twenty-one (21) days of this Order.

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |