Jonathan D. Miller (SBN 220848)
jonathan@nps-law.com
Alison M. Bernal (SBN 264629)
alison@nps-law.com
NYE, PEABODY, STIRLING, HALE & MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, California  93101
Telephone: (805) 963-2345
Facsimile: (805) 563-5385

Attorney for Defendant, THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA and SUZANNE
PERKIN

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Doe,<br><br>          Plaintiff,<br><br>     v.<br><br>Regents of the University of<br>California; Suzanne Perkin<br><br>          Defendants. | CASE NO.:  2:15 CV 02478(SVW)(JEM)<br><br>**THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>DATE:  October 17, 2016<br>TIME:   1:30 p.m.<br>CTRM.:  6<br><br>TRIAL DATE:      None set |

*(left margin, vertical text)* NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

i

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ........................................................................................... 1

II.  LEGAL ARGUMENT .................................................................................. 4

   A.   The SAC Does Not Allege An Actionable Due Process Violation ........ 4

      1.   Ms. Perkin Is Entitled To Eleventh Amendment Immunity ......... 6

      2.   Ms. Perkin Is Additionally Shielded By Qualified Immunity ................................................................................. 8

         a.   Plaintiff was provided the due process rights afforded students in disciplinary hearings ......................... 8

         b.   Ms. Perkin did not violate a clearly established Constitutional right ........................................................ 12

      3.   Ms. Perkin Is Additionally Protected By The Quasi-Judicial Immunity ...................................................................... 12

   B.   The Declaratory Judgment Claim Should Be Dismissed .................... 14

   C.   California Law Requires A Party Seeking Reversal Of An Administrative Decision To *First* Petition For Writ Of Mandate ........ 15

III. CONCLUSION ........................................................................................... 16

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

## TABLE OF AUTHORITIES

**Cases**

*Albany Ins. Co. v. Almacenadora Somex, S.A.*

    5 F.3d 907 (5th Cir. 1993) ...................................................................16

*Albrecht v. Lund*

    845 F.2d 193 (9th Cir.1988) ................................................................20

*Andersen v. Regents of the Univ. of Calif.*

    22 Cal.App.3d 763 (1972) ......................................................................4

*Armstrong v. Meyers*

    964 F.2d 948 (9th Cir. 1992) ..................................................................2

*Bixby v. Pierno*

    4 Cal.3d 130 (1971) .............................................................................19

*Cory v. White*

    457 U.S. 85, 91 (1982) ...........................................................................7

*Dixon v. Alabama State Board of Education*

    294 F.2d 150 (5th Cir. 1961) ...........................................................5, 6

*Doe v. Ohio State University*

    2016 WL 692547 (S.D. Ohio Feb. 22, 2016) .........................................4

*Doe v. The Ohio State Univ.*

    2015 WL 6107678 (S.D. Ohio, October 16, 2015) ..............................11

*Doe v. University of Cincinnati*

    2016 WL 1161935 (S.D. Ohio, March 23, 2016)....................................3

*Doe v. University of the South*

    687 F.Supp.2d 744 (E.D. Tenn. 2009) ................................................18

*Ex Parte Young*

    209 U.S. 123 (1908) .....................................................................3, 7, 8, 9

*Fielder v. Board of Education*

    346 F.Supp. 722 (D. Neb. 1972) .........................................................13

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

ii

*Flaim v. Med. College of Ohio*
    418 F.3d 629 (6th Cir. 2005) .................................................................. 11

*Foo v. The Trustees of Indiana Univ.*
    88 F.Supp.2d 937 (S.D.Ind. 1999) ......................................................... 14

*Ford Motor Co. v. Department of Treasury*
    323 U.S. 459 (1945) ................................................................................. 7

*Givens v. Poe*
    346 F.Supp. 202 (W.D.N.C. 1972) ........................................................ 13

*Goldberg v. Regents of the Univ. of Calif.*
    248 Cal.App.2d 867 (1967) ...................................................... 6, 13, 18

*Gomes v. Univ. of Maine Sys.*
    365 F.Supp.2d 6 (D. Maine, 2005) ........................................................ 12

*Gorman v. Univ. of Rhode Island*
    837 F.2d 7 (1st Cir. 1988) ...................................................................... 13

*Goss v. Lopez*
    419 U.S. 565 (1975) ................................................................ 3, 6, 10, 13

*Hamilton v. Regents of University of California*
    293 U.S. 245 (1934) ................................................................................. 5

*Harlow v. Fitzgerald*
    457 U.S. 800 (1982) ........................................................................ 3, 10

*Hawaii v. Gordon*
    373 U.S. 57 (1963) .................................................................................. 7

*Henson v. Honor Comm. of Univ. of Virginia.*
    719 F.2d 69 (4th Cir.1983) .................................................................... 14

*In re Castillo*
    27 F.3d 940 (2002) ................................................................................. 17

*Johnson v. City of Loma Linda*
    (2000) 24 Cal.4th 61 .............................................................................. 18

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

iii

*Johnson v. Temple University*

  2013 WL 5298484 (E.D. Penn. September 19, 2013)...........................................11

*K.P. v. LeBlanc*

  627 F.3d 115 (5th Cir. 2010) ...........................................................................8

*League of Women Voters of Ohio v. Brunner*

  548 F.3d 463 (6th Cir. 2008) ...........................................................................8

*Madera v. Board of Education*

  386 F.2d 778 (2d Cir.1967) ...........................................................................14

*Marshall v. Indiana*

  2016 WL 1028362 (S.D. Ind. Mar. 15, 2016) ....................................................11

*Mishler v. Clift*

  191 F.3d 998 (9th Cir. 1999) .........................................................................16

*Morgan v. Bd. of Pension Comrs.*

  85 Cal.App.4th 836 (2000) ...........................................................................19

*Okpalobi v. Foster*

  244 F.3d 405 (5th Cir. 2001) ...........................................................................7

*Osteen v. Henley*

  13 F.3d 221 (7th Cir.1993) ...........................................................................13

*Papasan v. Allain*

  478 U.S. 265 (1986) ...............................................................................8, 9

*Parker v. United States*

  110 F.3d 678 (9th Cir. 1997) .........................................................................16

*Pearson v. Callahan*

  555 U.S. 223 (2009) ...................................................................................10

*Principal Life Ins. Co. v. Robinson*

  394 F.3d 665 (9th Cir. 2005) .........................................................................17

*Regents of the Univ. of Calif. v. Doe*

  519 U.S. 425 (1997) .....................................................................................9

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND
AMENDED COMPLAINT

Case No. 2:15 CV 02478 SVW

*Salau v. Denton*

    2015 WL 5885641 (W.D. Miss., Oct. 8, 2015) .................................................. 4, 11

*Saucier v. Katz*

    533 U.S. 194 (2001) ....................................................................................... 10, 15

*Snoeck v. Brussa*

    153 F.3d 984 (9th Cir. 1998) ................................................................................ 7

*Suever v. Connell*

    439 F.3d 1142 (9th Cir. 2006) .............................................................................. 8

*Summit Med. Assocs., P.C. v. Pryor*

    180 F.3d 1326 (11th Cir. 1999) ............................................................................ 7

*Vaughn v. Regents of the Univ. of Calif.*

    504 F.Supp. 1349 (E.D. Cal. 1981) ...................................................................... 9

*Y.K.A. Industries*

    174 Cal.App.4th 355 ............................................................................................ 19

**Statutes**

28 U.S.C. § 2201 ...................................................................................................... 14

42 U.S.C. § 1983 ................................................................................................... 1, 2

California Code of Civil Procedure § 1085 .......................................................... 4, 16

California Code of Civil Procedure, § 1094.5 ................................................ 4, 14, 16

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

v

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      Plaintiff John Doe ("Plaintiff") was accused of sexually assaulting a fellow

4  student at the University of California, Santa Barbara. The Regents of the University

5  of California ("Regents" or "University") notified Plaintiff of the charges,

6  investigated the accusations, and held two full evidentiary hearings in which

7  Plaintiff participated. At the conclusion of the hearings, the University hearing panel

8  found Plaintiff responsible for violating the University's student conduct code. As a

9  result, the hearing panel recommended Plaintiff be suspended for two academic

10 quarters. The Chancellor accepted the hearing panel's recommendation and imposed

11 a two-quarter suspension. It is undisputed the suspension has now been served and

12 Plaintiff is permitted to continue with his education at the University. See Plaintiff's

13 Opposition ("Opp.") at 15:13-14.

14     Plaintiff has nevertheless sued the University and the University's Assistant

15 Dean of Students, Suzanne Perkin ("Ms. Perkin"), who investigated the charges but

16 did not issue the sanction. In his third iteration of the complaint, Plaintiff contends

17 Ms. Perkin violated his due process rights under 42 U.S.C. § 1983 by purportedly

18 not providing him adequate notice of the charges and not providing a meaningful

19 opportunity to be heard. Plaintiff is also pursuing pendent claims for writ of mandate

20 and declaratory relief against the University. As explained below, Plaintiff's claims

21 fail as a matter of law and the University's and Ms. Perkin's motion to dismiss the

22 second amended complaint ("SAC") should be granted.

23     In an effort to fashion a cognizable claim, Plaintiff's opposition asks this

24 Court to expand the law under 42 U.S.C. § 1983 far beyond its current application in

25 matters involving student conduct hearings. In support of this argument, Plaintiff

26 points to several purported biases and deprivations, which he contends are

27 actionable conduct under 42 U.S.C. § 1983. Specifically, Plaintiff argues: (1)

28 Defendant Perkin was biased by the national dialogue encouraging universities to

1

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

investigate cases of sexual assault and allowed this bias to influence her decision to investigate Plaintiff's case; (2) the University hearing panel demonstrated bias by not allowing Plaintiff to fully cross-examine witnesses or present sufficient character evidence; (3) the University hearing panel further demonstrated bias by crediting the victim's testimony regarding consent over Plaintiff's testimony; and, (4) Plaintiff was denied the right of counsel at the second of the two evidentiary hearings that took place.

Under the law applicable to student conduct hearings, even if each of Plaintiff's arguments were accepted as true, they do not give rise to a violation of 42 U.S.C. § 1983. Moreover, even if Plaintiff could plead a due process claim, which he has not, Ms. Perkin would nevertheless be entitled to three separate immunities from the alleged violation of 42 U.S.C § 1983 – all of which render Plaintiff's federal claims moot.

First, Ms. Perkin is entitled to sovereign immunity under the Eleventh Amendment. Ms. Perkin is the Assistant Dean of Students and the Director of the Office of Judicial Affairs. Ms. Perkin investigated Jane Doe's complaint. In that regard, Plaintiff's SAC concedes Ms. Perkin was acting in her official capacity at all times relevant to this matter. Accordingly, Ms. Perkin is entitled to sovereign immunity. *Armstrong v. Meyers*, 964 F.2d 948, 949-50 (9th Cir. 1992).

Plaintiff's reliance on the *Ex Parte Young* doctrine, which is the exception to sovereign immunity, is misplaced. Ms. Perkin has no authority to impose or remove discipline, or otherwise grant the relief Plaintiff requests. Moreover, the "prospective" relief sought by Plaintiff is not ongoing and continuing. Although Plaintiff casts his relief as "prospective," stating he is simply requesting the removal of disciplinary and academic records from his file, Plaintiff admits that the "heart of the underlying dispute" is that "the University mishandled his case and came to an erroneous finding based upon a discriminatory animus." Opp., 18:11-12. Thus, what Plaintiff's § 1983 claim really seeks is a reversal of the suspension he has already

Nye, Peabody, Stirling, Hale & Miller
33 West Mission Street, Suite 201
Santa Barbara, California 93101

2

1   served. This type is retrospective relief does not fall within the *Ex Parte Young*

2   exception, which can only be implemented to prevent future harm.

3          Second, Ms. Perkin is entitled to qualified immunity from Plaintiff's

4   § 1983 claim. Qualified immunity is appropriate where an individual defendant has

5   not violated clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S.

6   800, 818 (1982). Here, Plaintiff's SAC does not plead any facts to suggest Ms.

7   Perkin violated a clearly established constitutional right. To the contrary, Plaintiff's

8   opposition argues for an expansion of the constitutional due process rights presently

9   afforded to students in conduct hearings. The Supreme Court, however, has

10  confirmed due process is fully satisfied in this context by providing 1) notice of the

11  charges, and 2) a hearing. *Goss v. Lopez*, 419 U.S. 565, 579 (1975). Nothing further

12  is required, and Plaintiff's allegations acknowledge the University satisfied both of

13  these requirements. Plaintiff, however, attempts to argue due process was violated

14  because he should have had the right to see the investigation file earlier than two

15  days before the hearing, the right to cross-examine witnesses, and the right to

16  counsel. However, these are not due process rights afforded to a respondent in

17  student conduct hearings. *Doe v. University of Cincinnati,* 2016 WL 1161935 (S.D.

18  Ohio, March 23, 2016) (no right to counsel in conduct hearing unless the university

19  is presenting case through an attorney, and hearing panel may rely on hearsay

20  evidence); *Doe v. Ohio State University*, 2016 WL 692547, (S.D. Ohio Feb. 22,

21  2016) (no right to cross-examine witnesses in a student conduct hearing, nor to

22  present every type of evidence); *Salau v. Denton*, 2015 WL 5885641, at *7 (W.D.

23  Miss., Oct. 8, 2015). Indeed, as the law exists, none of the alleged actions of Ms.

24  Perkin violated Plaintiff's clearly established constitutional rights. Thus, to the

25  extent Ms. Perkin is not entitled to sovereign immunity, she is separately entitled to

26  qualified immunity.

27         Third, despite Plaintiff's argument to the contrary, Ms. Perkin is also entitled

28  to quasi-judicial immunity. As previously discussed, Ms. Perkin was not the

Nye, Peabody, Stirling, Hale & Miller
33 West Mission Street, Suite 201
Santa Barbara, California  93101

3

1  decision maker and not responsible for issuing the findings or sanctions against
2  Plaintiff. Despite this fact, Plaintiff continues to sue Ms. Perkin, arguing it is Ms.
3  Perkin who is responsible for depriving him of due process. To the extent Plaintiff
4  continues to make these misplaced allegations, under his own facts Plaintiff defines
5  Ms. Perkin as a quasi-judicial figure, and thus, she is entitled to quasi-judicial
6  immunity.

7       Finally, Plaintiff's pendent claims for declaratory relief and writ of mandate
8  fail because there are no remaining federal claims over which this Court would
9  otherwise have jurisdiction. In addition, Plaintiff's claim for writ of mandate under
10  California Code of Civil Procedure, sections 1085 and 1094.5 separately fails
11  because Plaintiff was required to petition the court for a writ of mandate *before*
12  seeking monetary relief via a civil action. Plaintiff failed to do so, waiving his right
13  to now bring the claim for writ of mandate. Plaintiff's claim under section 1085 also
14  fails because the allegations do not support a finding that the University failed to
15  comply with a ministerial duty.

16       For these reasons, and those set for in more detail below, the Regents and Ms.
17  Perkin respectfully request this Court grant their motion to dismiss the SAC.

18  **II.   LEGAL ARGUMENT**

19       **A.   The SAC Does Not Allege An Actionable Due Process Violation**

20       The SAC alleges a due process violation solely against Ms. Perkin. The
21  complaint alleges Ms. Perkin violated Plaintiff's due process by depriving Plaintiff
22  of an opportunity to review the investigatory file more than two days before the
23  hearing, of an opportunity to adequately cross-examine witnesses, and of the right to
24  counsel. Plaintiff alleges these actions deprived him of a constitutionally protected
25  right, namely his property right to education. Plaintiff's allegations raise three
26  separate bases upon which the Court may dismiss the due process claim: sovereign
27  immunity, qualified immunity, and quasi-judicial immunity.

28  *///*

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

4

An analysis of the rationale courts have used to expand due process rights to the secondary educational setting is helpful in understanding why these immunities apply in the present lawsuit. Historically, attendance at a university was considered a privilege, not a right. *Hamilton v. Regents of University of California,* 293 U.S. 245 (1934). In *Dixon v. Alabama State Board of Education,* 294 F.2d 150, cert. denied 368 U.S. 930 (5th Cir. 1961), the courts first expanded due process rights to students in university settings, holding secondary education is an important benefit, not a privilege. Critically, though, *Dixon* did not expand the protected property interest to all aspects of the educational setting. Rather, as stated in *Dixon*: "The precise nature of the private interest involved in this case is the right to remain at a public institution of higher learning in which the plaintiffs were students in good standing" *Id.* at 157.

In California, courts have utilized the *Dixon* rationale to recognize "attendance at publicly financed institutions of higher education should be regarded a benefit somewhat analogous to that of public employment." *Goldberg v. Regents of the Univ. of Calif.,* 248 Cal.App.2d 867, 877 (1967). A student, like a public employee, has a right to continued attendance at a university free of unwarranted constitutional violations. It is under this framework that courts have delineated the minimal due process protections available to students in disciplinary proceedings, specifically notice and an opportunity to be heard. *Goss*, 419 U.S. at 579.

Critical to this analysis is the notion that the property interest which the law protects is the right to remain at a public institution. There is no protected property interest in a transcript or educational records, nor does the Fourteenth Amendment confer a right on a student to not have an institution report the educational records to another institution. No court has ever held a university violated a student's due process rights by making a notation on a transcript. The due process violation, if it existed, would be in depriving Plaintiff of his attendance at the University, without affording him notice and an opportunity to be heard. There is no other actionable

5

Nye, Peabody, Stirling, Hale & Miller
33 West Mission Street, Suite 201
Santa Barbara, California 93101

1   deprivation of a protected property interest. As is demonstrated below, Ms. Perkin

2   cannot be liable for Plaintiff's alleged deprivation of his educational opportunities

3   based on established principals of immunity.

**1.    Ms. Perkin Is Entitled To Eleventh Amendment Immunity**

5        The Eleventh Amendment bars a suit against state officials when "the state is

6   the real, substantial party in interest." *Ford Motor Co. v. Department of Treasury*,

7   323 U.S. 459, 464 (1945). Thus, "[t]he general rule is that relief sought nominally

8   against an officer is in fact against the sovereign if the decree would operate against

9   the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curiam). A suit against

10  state officials that is in fact a suit against a state is barred regardless of whether it

11  seeks damages or injunctive relief. See *Cory v. White*, 457 U.S. 85, 91 (1982).

12       While Plaintiff recognizes Ms. Perkin cannot be sued for monetary damages,

13  he argues Ms. Perkin can be sued for due process violation for prospective relief

14  under the *Ex Parte Young* exception to sovereign immunity. This argument ignores

15  two important facts: (1) Ms. Perkin has no authority to discipline Plaintiff, remove

16  the discipline, or otherwise grant the "prospective" relief requested by Plaintiff; (2)

17  the "prospective" relief sought by Plaintiff is retroactive relief.

18       First, the *Ex Parte Young* doctrine is limited to situations where the defendant

19  state official has "some connection with the enforcement of the act." *Ex Parte*

20  *Young*, 209 U.S. 123 (1908). The state official sued must have direct responsibility

21  for enforcement of the allegedly unconstitutional statute, rather than merely the

22  authority to execute state laws generally. *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th

23  Cir. 1998); *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1341-1342 (11th

24  Cir. 1999); *Okpalobi v. Foster*, 244 F.3d 405, 416-417 (5th Cir. 2001) (en banc);

25  *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). Otherwise, suing the state

26  official would simply be an indirect way of suing the state and the action would be

27  subject to Eleventh Amendment immunity. *Ex Parte Young*, 209 US at 157.

28       Here, the SAC does not allege Ms. Perkin was on the hearing committee. The

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

6

SAC does not allege Ms. Perkin questioned any witnesses at the hearings. The SAC does not allege Ms. Perkin issued the discipline, or denied Plaintiff's appeal. The SAC does not allege Ms. Perkin promulgated the University's policies and procedures. The SAC does not allege Ms. Perkin was the decision maker. At best, Plaintiff alleges Ms. Perkin influenced the decision. Having influence over a decision, even if true, does not equate to having direct responsibility for enforcement of the purportedly unconstitutional policies. Thus, even if Plaintiff believes his due process rights were violated, Ms. Perkin cannot remedy the violation.

Second, there are no threatened violations of constitutional rights. To the extent there were violations, which Defendants dispute, any alleged violations would have already occurred. The *Ex Parte Young* doctrine applies only to "ongoing and continuous" violations of federal law – a plaintiff may not use the doctrine to adjudicate the legality of past conduct. *Papasan v. Allain*, 478 U.S. 265, 277-278 (1986); *Suever v. Connell*, 439 F.3d 1142, 1148 (9th Cir. 2006) (Controller's practice of publishing constitutionally inadequate notice for escheated property was "ongoing"); *League of Women Voters of Ohio v. Brunner,* 548 F.3d 463, 475 (6th Cir. 2008) (voting rights violations would continue absent injunctive relief). Here, Plaintiff has already served his suspension. There is no ongoing and continuous violation of federal law.

Plaintiff has attempted to cleverly draft his prayer for relief requesting that the notation relating to the discipline be removed. However, this ignores the nature of the interest at issue – Plaintiff has a property interest in his continued attendance at the University, and it is this interest which creates the limited due process rights of notice and a hearing. It is not an interest in untarnished educational records. Plaintiff admits as much when he refers "to the heart of the underlying dispute" as whether "the University mishandled his case and came to an erroneous finding based upon a discriminatory animus." Opp., 18:11-12. This is not an ongoing and continuance

7

violation of federal law subject to the *Ex Parte Young* doctrine. It is an attempt to have this court adjudicate the legality of past conduct. This does not fall within the *Ex Parte Young* doctrine. *Papasan*, 478 U.S. at 277-78.

This is a case where the alleged due process claim, while naming Ms. Perkin, is in fact a suit against the state itself. There is no relief, even nominally, which can be granted by Ms. Perkin. Any relief sought by Plaintiff must in fact be provided by the Regents, an arm of the state entitled to sovereign immunity. *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 431 (1997); *Vaughn v. Regents of the Univ. of Calif.*, 504 F.Supp. 1349, 1351 (E.D. Cal. 1981).

### 2.     Ms. Perkin is additionally shielded by qualified immunity

Furthermore, Ms. Perkin is entitled to qualified immunity. Qualified immunity shields state officials from civil liability when their conduct does not violate a clearly established constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In deciding whether to grant qualified immunity, a court must determine (a) whether the alleged facts make out a constitutional violation, and (b) whether the constitutional right at issue was clearly established at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). A right is clearly established if it would be clear to a reasonable official his or her conduct was unlawful. *Id.* at 202. A court may exercise its discretion as to the order in which it addresses each prong. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, the facts alleged do not make out a constitutional violation, nor do the facts show Ms. Perkin violated a clearly established constitutional right.

### a.     Plaintiff was provided the due process rights afforded students in disciplinary hearings

The process required for student conduct hearings is a much lower threshold than a criminal proceeding. "At the very minimum, therefore, students facing suspension ... must be given some kind of notice and afforded some kind of hearing." *Goss*, 419 U.S. at 579. The hearing need not be formal, but "in being

8

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1   given an opportunity to explain his version of the facts at this discussion, the student

2   [must] first be told what he is accused of doing and what the basis of the accusation

3   is." *Id.* at p. 582.

4       In cases involving student conduct hearings, courts have repeatedly held due

5   process is satisfied where the student receives notice of the charges, including the

6   sections of the conduct code allegedly violated, notice of a hearing, and an

7   opportunity at a hearing to present his or her version of the events. *See, e.g., Salau,*

8   2015 WL 5885641, at *7 (no due process violation where plaintiff was expelled

9   after he received notice of the code of conduct violations alleged against him prior

10  to the hearing, notice of a formal hearing, the hearing was conducted, but university

11  refused plaintiff's request to continue hearing to obtain counsel); *Marshall v.*

12  *Indiana,* 2016 WL 1028362, at *6-7 (S.D. Ind. Mar. 15, 2016) (no due process

13  violation where university had attorney at hearing, but student denied right to

14  counsel). The allegations show Plaintiff received these protections.

15      In *Doe v. The Ohio State University¸* 2015 WL 6107678 (S.D. Ohio, October

16  16, 2015) the court held the "opportunity to be heard" prong means a disciplinary

17  "hearing, whether formal, informal, live or not, must be meaningful and must

18  provide the accused with the opportunity to 'respond, explain, and defend.'" *Id.* at 3,

19  quoting *Flaim v. Med. College of Ohio,* 418 F.3d 629, 635 (6th Cir. 2005) at 635.

20  "Meaningful" depends on the context of the case, and may include the opportunity

21  to make a statement and present evidence, call witnesses, and potentially to cross-

22  examine witnesses. *Id.* The court in *The Ohio State University* found this process

23  was satisfied where the university held a hearing where the victim and accused

24  testified, and there was the presentation of character evidence.

25      Similarly, in *Johnson v. Temple University,* 2013 WL 5298484 (E.D. Penn.

26  September 19, 2013), the court found due process was satisfied where the student

27  was provided a notice of the charges against him and a copy of the basis of those

28  charges. The court continued that the student should be given the opportunity to be

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

9

1   heard by disciplinary committee members, and, in more serious cases, the university

2   should hold a full panel hearing, where the student can hear the testimony against

3   him, testify, and present witnesses and evidence.

4       While Plaintiff's Opposition cites to another recitation of the due process

5   requirements, as set forth in *Gomes v. Univ. of Maine Sys.,* 365 F.Supp.2d 6 (D.

6   Maine, 2005), these requirements are no different than the ones set forth in *Doe,*

7   *Johnson,* or *Goss.* The *Gomes* requirements include the student be provided (1)

8   notice of the charges against him, (2) the nature of the evidence against him; (3) an

9   opportunity to be heard in his own defense; and, (4) to not be punished except on the

10  basis of substantial evidence. *Gomes,* 365 F.Supp.2d at 15-16. What each of these

11  decisions has in common are the basic structural requirements the Supreme Court

12  delineated in *Goss*: the student must be provided with notice of the charges, and an

13  opportunity to defend himself against those charges at an evidentiary hearing. The

14  allegations in the SAC show Plaintiff was provided with both requirements.

15      Plaintiff was provided with notice of the charges. SAC, ¶ 64. He was also

16  provided with the nature of the evidence against him. SAC, ¶ 77. He was further

17  provided an opportunity to be heard in his own defense, cross-examining the

18  witnesses at length. SAC, ¶¶ 83, 86. And while Plaintiff may disagree with the

19  credibility of witnesses or the weight the committee gave to witnesses' testimony,

20  by Plaintiff's own admission there was substantial evidence presented during the

21  hearing which could support implementation of discipline: five witnesses testified

22  over two sessions of hearings. SAC, ¶ 83. In *Gomes,* the court found that even

23  where a university deprives the student of critical documents, does not supply the

24  witness list until the last minute, and excludes references to potentially negative

25  character evidence about the complainant, the student was afforded all due process

26  rights, and thus granted judgment in favor of the University. Here, the University

27  went beyond the minimum due process rights required in a student discipline

28  proceeding.

Nye, Peabody, Stirling, Hale & Miller
33 West Mission Street, Suite 201
Santa Barbara, California 93101

10

Plaintiff further argues he had an absolute right to counsel and to cross-examine witnesses, citing *Givens v. Poe*, 346 F.Supp. 202 (W.D.N.C. 1972) and *Fielder v. Board of Education*, 346 F.Supp. 722 (D. Neb. 1972). Importantly, neither of these cases, nor any other case cited by Plaintiff, mandates a student be provided the right to counsel. Rather, these cases recommend, but do not require, counsel in cases where there can is overlap with a criminal case, creating Fifth Amendment concerns. The controlling authority in fact says there is no requirement for students to have the right to counsel. *Goss, supra;* see also *Goldberg,* 248 Cal.App.2d 867. This is because student disciplinary actions are not full-blown criminal hearings, and thus students do not have full procedural rights such as the right to cross-examine and the right to counsel. *Andersen,* 22 Cal.App.3d at 770; *See also, Gorman v. Univ. of Rhode Island*, 837 F.2d 7, 16 (1st Cir. 1988) (the "weight of authority is against representation by counsel at disciplinary hearings, unless the student is also facing criminal charges stemming from the incident in question"); *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir.1993); *Henson v. Honor Comm. of Univ. of Virginia.*, 719 F.2d 69, 74 (4th Cir.1983); *Madera v. Board of Education,* 386 F.2d 778 (2d Cir.1967); *Charles S. v. Board of Education*, 20 Cal.App.3d 83, 89-90 (1971).

Here, Plaintiff does not contend the University failed to inform him of his ability to have counsel present, nor does he contend he was not represented at the first hearing. Plaintiff's allegations relating to counsel focus on the scheduling of the second hearing session. Yet, Plaintiff chose to proceed with the second hearing on a date his counsel was unavailable, rather than putting the hearing off until school resumed. And, there are no allegations of any overlapping Fifth Amendment issues which would place this case in the limited category of cases where counsel may potentially be proper.

There is no dispute the University provided Plaintiff with notice of the charges against him and the opportunity to be heard. These facts as alleged in the SAC show Ms. Perkin satisfied Plaintiff's due process requirements. See *Foo v. The*

11

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1  *Trustees of Indiana Univ.,* 88 F.Supp.2d 937, 952 (S.D. Ind. 1999) (in a school

2  disciplinary proceeding, administrator complied with due process requirements

3  where he gave the student notice of the charges against him, showed him the

4  evidence supporting the charges, questioned the student about the alleged

5  misconduct, and allowed the student to tell his side of the story). Plaintiff's cause of

6  action for violation of due process under 42 U.S.C. § 1983 must therefore be

7  dismissed.

### b.  Ms. Perkin did not violate a clearly established Constitutional right

10  Further, because Plaintiff has failed to identify a knowing violation of clearly

11  established due process rights, as defined by California law or the Ninth Circuit, Ms.

12  Perkin, an individual defendant, is entitled to qualified immunity against Plaintiff's

13  due process claims. *Saucier,* 533 U.S. at 236. While Plaintiff may argue the law

14  should require more due process in student conduct hearings, in this case, Ms.

15  Perkin complied with the law as set forth by the Supreme Court in providing

16  Plaintiff with notice of the charges and a hearing. She cannot now be held

17  personally liable for not granting Plaintiff additional processes which were not

18  clearly required by the law. *Id.*

### 3.  Ms. Perkin is additionally protected by the quasi-judicial immunity

21  Just as a plaintiff may plead alternative theories of liability, so may a

22  defendant raise alternative defenses. Here, in the first instance, Ms. Perkin was not a

23  decision maker – she was not on the hearing committee, did not recommend any

24  discipline, and did not ultimately issue any sanction against Plaintiff. Thus, the due

25  process claims against Ms. Perkin are appropriately dismissed under a sovereign

26  immunity or qualified immunity analysis. Despite this fact, Plaintiff has continued

27  to sue Ms. Perkin, contending it was in fact Ms. Perkin who deprived him of due

28  process. To the extent this Court accepts instead that Ms. Perkin was somehow

12

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1   responsible for issuing the discipline at issue, her conduct would be protected by the

2   federal quasi-judicial immunity.[1]

3       The allegations in the SAC highlight why the quasi-judicial immunity applies

4   in this case. Plaintiff argues he was entitled to a litany of rights, including the right

5   to cross-examine, the right to confront his accuser, the right to counsel, and the right

6   to inspect evidence. Plaintiff contends Ms. Perkin violated these rights, and the

7   violation caused Plaintiff to be deprived not of the right of liberty (as in a criminal

8   case), but of the property right in his continued education. While Defendants

9   disagree with Plaintiff's characterization of the nature of the rights afforded students

10  in conduct proceedings, based on Plaintiff's allegations, the University, and Ms.

11  Perkin's actions, were functionally comparable to those of a judge. According to

12  Plaintiff, Ms. Perkin had such influence over the evidence and hearing it effectively

13  resulted in Plaintiff's discipline. If this were true, Ms. Perkin is entitled to quasi-

14  judicial immunity. The decision to discipline Plaintiff necessarily involved the

15  exercise of discretionary judgment in hearing the evidence and reaching its

16  conclusion. Thus, the doctrine of absolute quasi-judicial immunity applies. *See, e.g.,*

17

18

19  [1] Plaintiff argues in his opposition this defense is barred by FRCP, Rule 12(g)(2).
    This argument is without merit. Plaintiff's SAC is the first instance Plaintiff has

20  definitively stated what role he contends Perkin played in the decision making
    process, and that she is being sued in her official capacity. It is these allegations

21  which placed the quasi-judicial immunity at issue. Rule 12(g)(2) provides that

22  omitted defenses or objections, that could have been raised in the same Rule 12
    motion, are waived, *except* the nonwaivable defenses (lack of subject matter

23  jurisdiction, failure to join an indispensable party and failure to state a claim). FRCP

24  12(g), (h); see *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909-910
    (5th Cir. 1993); see also *Parker v. United States*, 110 F.3d 678, 682 (9th Cir. 1997).

25  Further, the rule is intended to prevent defendant from first moving to dismiss on

26  one basis, then, if unsuccessful, moving to dismiss on another basis, etc. *Albany Ins.*
    *Co.* 5 F.3d at 909-910. This is not applicable in the present case, as Defendants have

27  been successful on each Rule 12 motion, and the present Rule 12 motion was made

28  in direct response to the allegations in the newly amended complaint.

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND      Case No. 2:15 CV 02478 SVW
AMENDED COMPLAINT

*Mishler v. Clift*, 191 F.3d 998 (9th Cir. 1999) (finding medical board members were functionally comparable to judges and prosecutors, and, as such, were entitled to absolute immunity for their quasi-judicial acts, including absolute immunity for acts occurring during disciplinary hearing process); *In re Castillo*, 27 F.3d 940 (2002) (extending quasi-judicial immunity to bankruptcy trustee for claims based on trustee's decision to schedule a confirmation hearing and failure to give notice of that hearing); *Wagshal v. Foster*, 28 F.3d 1249 (D.C. Cir. 1994) (immunity for case evaluator whose tasks including identifying factual and legal issues, scheduling hearings, and coordinating settlement efforts); *Butz v. Economou*, 438 U.S. 478 (1978) (immunity for officials in Department of Agriculture performing adjudicatory functions during administrative proceeding against the plaintiff).

**B.    The Declaratory Judgment Claim Should Be Dismissed**

The Regents do not dispute the District Court has the "authority to declare the rights and other legal relations of any interested party seeking such declaration under 28 U.S.C. § 2201." Opp., 18:1-2. But under the two-part test outlined by *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005), however, the court must determine if there exists an actual case or controversy within the court's jurisdiction. *Id.* If so, the court must decide whether to exercise its jurisdiction. *Id.*

This case meets neither requirement. First, there is no actual controversy within the Court's jurisdiction. Plaintiff's explanation of the controversy he seeks this Court to review is "vacating the outcome of the student hearing." Opp., 18:9. This relief can only be granted through the exercise of the proper administrative procedure set forth in California Code of Civil Procedure, § 1094.5.

Second, Plaintiff's claims which give rise to this Court's jurisdiction are based on 42 U.S.C. § 1983. Because this claim fails, this Court should decline to exercise jurisdiction under the Declaratory Judgment Act. *Doe v. University of the South*, 687 F.Supp.2d 744 (E.D. Tenn. 2009).

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

**C.**   **California law requires a party seeking reversal of an administrative decision to *first* petition for writ of mandate**

The Regents' moving papers do not request reconsideration of this Court's prior order. The Court's order on the motion to dismiss the original complaint analyzed whether California's administrative mandate process was a jurisdictional bar on Plaintiff's claims, finding it was as to several of the claims. The Court's order, however, was not tantamount to finding a claim for writ of mandate would necessarily withstand a motion to dismiss. Dkt. # 43, p. 4.

The remedy for a California student who disputes the outcome of his or her disciplinary proceeding is to petition the court for writ of mandate under California Code of Civil Procedure § 1094.5. *Goldberg,* 248 Cal.App.2d at 873. The failure to do so bars further adjudication of the party's claims. *Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 69-70. This rule makes logical sense. The writ procedure set forth in § 1094.5, and interpreting case law, provides guidelines for how courts should review administrative decisions. A court hearing a petition for writ of mandate must make the following inquiry: (1) did the respondent proceed without, or in excess of, jurisdiction; (2) was there a fair trial; and, (3) was there a prejudicial abuse of discretion. Calif. Code of Civil Proc., § 1094.5(b). There are two potential standards of review for the trial court hearing a writ petition: independent judgment and substantial evidence. The court is authorized to exercise its independent judgment on the evidence where the decision substantially affects a fundamentally vested right. *Bixby v. Pierno*, 4 Cal.3d 130, 143-44 (1971). In all other cases, the court uses the substantial evidence standard in light of the record as a whole. Calif. Code of Civil Proc., § 1094.5(c).

The rule requiring a Plaintiff petition for writ of mandate before seeking civil liability prevents the Court from making a dual inquiry. The court tasked with reviewing a writ of mandate reviews the evidence on a different standard than a court hearing a Title IX or due process claim. It is for this reason California courts

15

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

hold a plaintiff seeking to reverse an administrative decision must petition for writ of mandate *before* bringing a civil action. *Y.K.A. Industries, supra,* 174 Cal.App.4th at 355 [emphasis added]; See also *Johnson,* 24 Cal.4th at 69-70 (claim for civil damages barred unless plaintiff *first* challenged administrative decision through mandamus). Plaintiff failed to do this, therefore barring the present claim under California Code of Civil Procedure § 1094.5.

Plaintiff's claim under California Code of Civil Procedure § 1085 also fails. This statute only applies where (1) there is no other plain, speedy, and adequate remedy at law; (2) the University has a clear, present, and ministerial duty to act in a particular way; and, (3) the plaintiff has a clear, present and beneficial right to performance of that duty. *Morgan v. Bd. of Pension Comrs.*, 85 Cal.App.4th 836, 842 (2000). A "ministerial duty" is one that is required to be performed in a prescribed manner under the mandate of legal authority without the exercise of discretion or judgment. *Id.* at 843. Here, Plaintiff had an adequate remedy at law, namely the proper writ procedure, to be utilized prior to bringing this civil action for damages, and there is no ministerial duty. The decision whether to find a student responsible for a conduct code violation necessarily involves the exercise of judgment. This case does not fall within the parameters for writ relief under Section 1085.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, in addition to those set forth in the moving papers, the Court should dismiss Plaintiff's Second Amended Complaint. "If the court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then a dismissal without leave to amend is proper." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.1988). Here, Plaintiff has already been given leave to amend twice, and the new allegations in the Second Amended Complaint show Plaintiff could not cure the deficiencies.

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1    Thus, dismissal with prejudice is appropriate.

2

3  Dated: October 3, 2016          NYE, PEABODY, STIRLING, HALE &
                                   MILLER, LLP
4
                                   By: ___/S/_____
5                                      Jonathan D. Miller, Esq.
                                       Alison M. Bernal, Esq.
6                                      Attorney for Defendant, REGENTS OF
                                       THE UNIVERSITY OF CALIFORNIA
7                                      and SUZANNE PERKIN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND          Case No. 2:15 CV 02478 SVW
AMENDED COMPLAINT