BRADLEY S. PHILLIPS (SBN 85263)
brad.phillips@mto.com
HAILYN J. CHEN (SBN 237436)
hailyn.chen@mto.com
JOHN F. MULLER (SBN 300839)
john.muller@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

JONATHAN D. MILLER (SBN 220848)
jonathan@nps-law.com
ALISON M. BERNAL (SBN 264629)
alison@nps-law.com
NYE, PEABODY, STIRLING, HALE & MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 563-5385

Attorneys for Defendants THE REGENTS
OF THE UNIVERSITY OF
CALIFORNIA and SUZANNE PERKIN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Doe,<br><br>    Plaintiff,<br><br>    vs.<br><br>Regents of the University of California; Suzanne Perkin,<br><br>    Defendants. | Case No. 2:15-cv-02478-SVW<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Stephen V. Wilson<br>Date: July 24, 2017<br>Time: 1:30 p.m.<br>Courtroom: 10A |

1   PLEASE TAKE NOTICE that on July 17, 2017, at 1:30 p.m., or as soon
2   thereafter as Defendants may be heard, in Courtroom 10A of the United States
3   District Court for the Central District of California, located at 350 West First Street,
4   Los Angeles, California, 90012, Defendants will and hereby do move that the Court
5   reconsider and vacate its Order Denying Defendants' Motions to Dismiss dated June
6   8, 2017, ECF 105 ("6/8/17 Order") and enter a new order granting that Motion.
7   This motion is made, pursuant to Local Rule 7-18, on the ground that the Court
8   manifestly failed to consider the material fact, presented to the Court before its
9   decision, that Plaintiff's Third Cause of Action, a Petition for Writ of Administrative
10  Mandamus, comprises state-law claims and is brought against an arm of the State—
11  The Regents of the University of California.  The fact that Plaintiff's Writ Petition is
12  brought under state law and the fact that it is brought against the Regents are
13  separate and independent bases on which the Eleventh Amendment bars judicial
14  review of the petition in this Court..  Plaintiff's Writ Petition therefore cannot, as a
15  matter of law, serve to exhaust Plaintiff's state judicial remedies, and Plaintiff's
16  claims are barred by res judicata and collateral estoppel.  Further, because the Writ
17  Petition must be pursued, if at all, in state court, state proceedings with regard to
18  Plaintiff's discipline are ongoing and this Court must abstain under *Younger v.*
19  *Harris*, 401 U.S. 37 (1971).

20  This motion is based on the accompanying Memorandum of Points and
21  Authorities; Defendants' Notice of Motion and Motion to Dismiss and/or Stay All
22  Claims Under Rules 12(b)(1) and 12(b)(6), ECF 91 ("Motion"); Defendants' Reply
23  in Support of Defendants' Motion to Dismiss and/or Stay All Claims Under Rules
24  12(b)(1) and 12(b)(6), ECF 95 ("Reply"); this Court's Order Granting Defendant's
25  Motion to Dismiss dated December 14, 2015, ECF 43 ("12/14/15 Order"); all other
26  pleadings and papers on file herein; and such further evidence and argument as the
27  Court may receive.  This Motion is brought following the meet-and-confer of
28  counsel pursuant to L.R. 7-3 on June 16, 2017.

1     Respectfully submitted,

3   DATED: June 26, 2017     MUNGER, TOLLES & OLSON LLP
        BRADLEY S. PHILLIPS
        HAILYN J. CHEN
        JOHN F. MULLER

        NYE, PEABODY, STIRLING, HALE & MILLER, LLP
        JONATHAN D. MILLER
        ALISON M. BERNAL


By:     /s/ *Bradley S. Phillips*
        Bradley S. Phillips
Attorneys for Defendants The Regents of the University of California and Suzanne Perkin

## MEMORANDUM OF POINTS AND AUTHORITIES

In its Order Denying Defendants' Motions to Dismiss dated June 8, 2017, the Court rejected both Defendants' argument that Plaintiff has not exhausted his judicial remedies and Defendants' argument that the Court must abstain under *Younger v. Harris*, 401 U.S. 37 (1971), based on the Court's assertion that "[Plaintiff] is in fact pursuing his judicial remedy under state law in the form of a writ of mandate [in this Court]."  6/8/17 Order at 17; *see also id*. at 20 ("Plaintiff is pursuing that exact judicial remedy [a writ of mandate under Cal. Code of Civil Procedure § 1094.5] before this Court.").  But the Court failed to consider the material fact that, both because the Writ Petition comprises state-law claims and because it is brought against an arm of the State of California—the University, *see* Second Amended Complaint ("SAC") at p. 43, ECF 74—the claim is barred by the Eleventh Amendment and this Court has no jurisdiction to consider it.  *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 431 (1997) (University is a state instrumentality that is entitled to invoke Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984) (Eleventh Amendment bars claims in federal court against state officials alleging violations of state law).[1]  These two separate and independent bases on which the Eleventh Amendment bars Plaintiff's Writ Petition were raised by Defendants in their

---

[1] That the Writ Petition comprises state-law claims is clear.  Indeed, in its December 14, 2015 Order, the Court ruled that "Plaintiff must first petition for a writ of mandate *as to his state claims*."  12/14/15 Order at 4 (emphasis added); *see also* 6/8/17 Order at 17 ("[Plaintiff] is in fact pursuing his judicial remedy *under state law* in the form of a writ of mandate.").  In the SAC, Plaintiff alleges that the Court "has jurisdiction over the *state law petition for writ of mandate* under 28 U.S.C. § 1367 [pendent jurisdiction]."  SAC ¶ 14 (emphasis added).  In any event, because it is brought against only the University, not Defendant Perkin, the Writ Petition would be barred by the Eleventh Amendment even if it comprised federal-law, rather than state-law, claims.  *See Regents v. Doe*, 519 U.S. at 431.

Motion, at pages 24-25, and in their Reply, at pages 1-2, and were not materially contested by Plaintiff; they were not, however, addressed by the Court.

This Court has twice held, correctly, that "California law provides the Plaintiff with one specific judicial remedy after the conclusion of an administrative proceeding: a writ of mandate under Cal. Code of Civil Procedure § 1094.5." 6/8/17 Order at 20; *see also* 12/14/15 Order at 3 ("California courts have repeatedly held that an administrative writ of mandate under section 1094.5 is the appropriate remedy for the purpose of inquiring into the validity of any final administrative decision made as a result of a proceeding which by law requires a hearing, evidence to be considered, and a discretionary determination of fact vested in an inferior tribunal."); *id*. (rejecting Plaintiff's argument "that California courts have not affirmatively held that a writ of mandate is the exclusive remedy for overturning or challenging the decision of a quasi-judicial proceeding"). Thus, Plaintiff's Writ Petition is the exclusive judicial remedy for his claims with respect to the University's administrative decision against him.

Moreover, as this Court stated in its Order, "when a plaintiff fails to pursue the exclusive judicial remedy for reviewing an administrative decision, that decision is given collateral estoppel effect and becomes binding on later civil actions." 6/8/17 Order at 16-17 (citing *Briggs v. City of Rolling Hills Estates*, 40 Cal. App. 4th 637, 645-46 (1995)). "This binding effect prevents plaintiffs from failing to challenge the administrative decision through a writ of mandate but then repackaging the same claims in constitutional terms." *Id.* at 17; *see also id.* at 21 ("[T]he Plaintiff has elected to forego his remedies in state court."); *see also Miller v. County of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir. 1994) ("where adequate opportunity for de novo judicial review [is] available under California law, [plaintiff] could not '"obstruct the preclusive use of the state administrative decision simply for foregoing [the] right to appeal."'"); *cf. Olson v Morris*, 188 F.3d 1083, 1086-87 (9th Cir. 1999) (where state judicial review of administrative order was

1  available under California law but was not sought, res judicata barred any federal
2  court claims).  Here, because Plaintiff chose not to pursue the Writ Petition in state
3  court and it may not, *as a jurisdictional matter*, be pursued in federal court, Plaintiff
4  has failed to exhaust his judicial remedies.  His section 1983 and Title IX claims are
5  therefore barred.

6  As this Court also stated in its Order, "[a] majority of federal circuits have
7  held that where, *as here*, a state administrative proceeding[] is final and *state-court*
8  *judicial review is available but has not been invoked*, the state proceeding[] is
9  nevertheless 'ongoing' for the purposes of Younger abstention."  6/8/17 Order at 19
10 (emphases added) (citing *Hudson v. Campbell*, 663 F.3d 985, 988 (8th Cir. 2011)).[2]
11 The Court then rejected Defendants' *Younger* argument because "Plaintiff is
12 pursuing that exact judicial remedy [his Writ Petition] before this Court," and "if the
13 Court were to find for the Defendants and abstain from hearing the Plaintiff's
14 claims, it would be equivalent to holding that the Plaintiff must pursue his claims in
15 only state court, not federal court." *Id*.  But that exact holding is demanded by *the*
16 *Eleventh Amendment*, which requires Plaintiff to pursue his Writ Petition in state
17 court and deprives this Court of jurisdiction over it.  If and when Plaintiff has
18 pursued the Writ Petition in state court, but not before, he may be able to pursue any
19 remaining federal claims in this Court.  Because state-court judicial review is
20 available to Plaintiff but has not been invoked, the administrative proceeding against
21 him is ongoing and this Court must abstain under *Younger*.  *See* Motion at 9-13;
22 Reply at 3-8.[3]

---

[2] Elsewhere, the Court stated, inconsistent with the passage quoted in text, that it could not grant "a finding that the Plaintiff must pursue all state *judicial* remedies after exhausting his *administrative* remedies."  6/8/17 Order at 20.  That, however, is precisely what the Court itself recognized is required by *both* the doctrine of exhaustion of judicial remedies *and Younger*.

[3] Defendants explained in their Motion, at pages 12-13, that the other prerequisites to *Younger* abstention are satisfied here, and Plaintiff did not contest those points.

Finally, the Court's ruling would, if maintained, severely undermine the purpose of both the judicial-exhaustion and *Younger* doctrines and result in a flood of federal-court lawsuits challenging state-university and other state-agency decisions. One fundamental purpose of those doctrines is to ensure that, where state judicial review of an administrative decision is available, the state courts are afforded the opportunity to review the decision—and potentially either eliminate or alter any further legal challenge to it—before it may be challenged in federal court. *See* Defendants' Reply at 3-4. But, if this Court's rulings were followed, any plaintiff dissatisfied with a disciplinary decision or faculty tenure decision by the University—or any other state school or agency—could simply choose not to pursue the "exclusive remedy" of a writ of mandate in state court and instead immediately file a lawsuit in federal court. That would likely result in a flood of additional federal-court lawsuits and entangle the federal courts even more deeply, but unnecessarily, in administrative decisions by colleges, universities, and other state schools concerning student and faculty misconduct and other matters such as tenure.

For all the foregoing reasons, Defendants respectfully request that the Court reconsider its Order Denying Defendants' Motion to Dismiss and enter a new order granting that motion.

| | | |
|---|---|---|
| 1 | DATED: June 26, 2017 | MUNGER, TOLLES & OLSON LLP |
| 2 | | BRADLEY S. PHILLIPS |
| | | HAILYN J. CHEN |
| 3 | | JOHN F. MULLER |
| 4 | | |
| | | NYE, PEABODY, STIRLING, HALE & MILLER, LLP |
| 5 | | JONATHAN D. MILLER |
| 6 | | ALISON M. BERNAL |

By: _____/s/ *Bradley S. Phillips*_____
         Bradley S. Phillips
Attorneys for Defendants The Regents of the University of California and Suzanne Perkin